NO. 07-03-0374-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 30, 2004



______________________________




GERARDO OJEDA, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;



NO. CR-02H-103; HONORABLE H. BRYAN POFF, JR., JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Gerardo Ojeda filed a Motion to Dismiss Appeal on April 8, 2004, averring
that he no longer wishes to prosecute his appeal. The Motion to Dismiss is signed by both
appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice
































Do not publish.



encing. 
However, counsel has satisfactorily explained why each argument lacked merit. 

 Through his pro se brief, appellant also raised the issue of whether he received
effective assistance of counsel at trial because his attorney purportedly 1) failed to do any
pretrial investigation, 2) failed to seek out and interview potential witnesses, 3) failed to file
a pretrial motion to take depositions of the victims, and 4) promised him that if the trial court
made a finding that placing him on community supervision was in the best interest of the
victims, he would automatically be granted probation. The record, however, is devoid of
any evidence supporting any of the claims. So, since claims of ineffective assistance must
be firmly founded in the record, McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996), overruled on other grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App.
1998), and appellant's is not, we find the allegation lacking in merit.

 Lastly, we conducted our own review of the record to uncover any arguable error,
as required by Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991), and found none. 
Accordingly, the motions to withdraw are granted, and the judgments are affirmed.


 Brian Quinn 

 Justice


Do not publish. 
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).